**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ***In re* SUBPOENA to Hubbell Incorporated**<br><br>Served in related case in the United States District Court for the District of South Carolina, Greenville Division (Case No. 6:22-cv-04729-JDA)<br><br>R. L. MLAZGAR ASSOCIATES, INC.,<br><br>Plaintiff,<br>v.<br><br>HLI SOLUTIONS, INC.; HUBBELL INCORPORATED; LITECONTROL CORPORATION; and PROGRESS LIGHTING, INC.,<br><br>Defendants. | CASE NO.:<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL SUBPOENA COMPLIANCE** |

Plaintiff R. L. Mlazgar Associates, Inc. ("Mlazgar") served a subpoena for production of documents on Hubbell Incorporated ("Hubbell") more than ten weeks ago and successfully added Hubbell as a party to the litigation underlying its subpoena seven weeks ago. Mlazgar has repeatedly met and conferred with Hubbell, and given them extensions for compliance. Seventy-two days have passed. Hubbell has not produced a single document, and has informed Mlazgar that it intends to produce most of its documents to another party in this litigation instead. Accordingly, Mlazgar brings its present Motion to Compel Hubbell's compliance with its subpoena.

The Court should grant this Motion for three reasons. **First,** Mlazgar's requests seek a narrow range of relevant, non-privileged documents and communications, and has already attempted to work with Hubbell to further limit the obligations of their compliance. **Second**, Mlazgar seeks documents stored on servers controlled by Hubbell since before the onset of this litigation which both Hubbell and other parties to this litigation have represented to be in Hubbell's possession. **Third**, Defendant Hubbell is no longer afforded deference as a non-party and cannot foist its discovery obligations upon other defendants.

For these three reasons, Mlazgar asks the Court to compel Hubbell to produce the documents Mlazgar has been seeking for the last two months, and to award the costs Mlazgar has been forced to incur in trying to obtain these documents.

## FACTUAL BACKGROUND

Mlazgar has been in trade secret, tort, and contract-based litigation with Progress, HLI, and Litecontrol since 2022 in the U.S. District Court of South Carolina, and recently added Hubbell to the list of defendants (collectively "Defendants"). This litigation arises from Mlazgar's allegation that that Defendants subjected Mlazgar to an illusory cure period to remedy purported contractual breaches but actually used the cure period to undermine Mlazgar's business by secretly working with several of Mlazgar's own employees and Mlazgar's competitor JTH Lighting Alliance ("JTH") to poach customers and misappropriate Mlazgar's trade secrets. (Ex. 1, Declaration of Samuel Meshbesher ("Meshbesher Dec."), ¶ 2, Second Amended Complaint, *R. L. Mlazgar Associates Inc. v. HLI Solutions Inc., et al.*, 6:22-cv-04729-JDA, Dkt. No. 183). It further alleges that Mlazgar is owed back commissions and penalties under South Carolina law. (*Id.*).

After learning through discovery and motion practice that Hubbell was involved in many of the actions underlying this litigation, Mlazgar served a subpoena for documents on Hubbell on November 22, 2024. (Ex. 2, Meshbesher Dec., ¶ 3). Through this Subpoena, Mlazgar further sought several key documents from Hubbell based on representations from HLI and Progress that they were no longer in possession of several key documents, and that Mlazgar should instead seek them from Hubbell, who still maintains their documents on its own servers. For example, counsel for HLI and Litecontrol stated in email correspondence that the company-issued telephone of James Farrell, who was an officer of Hubbell, HLI, Litecontrol, and Progress and was heavily involved in the transactions and occurrences at issue in this case "would have been turned into Hubbell in the Spring of 2021", that HLI does not have Mr. Farrell's company-issued phone, and that "To the extent someone still has that phone, you should check with Hubbell in Connecticut." (Ex. 3, Meshbesher Dec., ¶ 4).

Similarly, counsel for Progress informed Mlazgar that Hubbell's legal department "was responsible for issuing, amending, and modifying [its] Records Management Policy," which included "managing a record of deletion events when records and documents were deleted according to the same." (*Mlazgar v. HLI Solutions Inc.*, *et al*, Dkt. 129-5 at *2). Mlazgar's Subpoena includes requests contemplating these documents. Shortly thereafter, Mlazgar successfully moved for Hubbell to be added as a defendant. Amended Text Order, *R. L. Mlazgar Associates Inc. v. HLI Solutions Inc., et al.*, 6:22-cv-04729-JDA (Dkt. No. 176).

On December 6, 2024, Hubbell served its initial responses and objections to Mlazgar's Subpoena. (Ex. 4, Meshbesher Dec. ¶ 5). On December 11, 2024, the parties met and conferred for more than an hour regarding each of Mlazgar's requests and Hubbell's specific objections. (Exhibit 5, *Id.* at ¶ 6).

**A. Efforts to Resolve the Parties' Disagreements Through Meet-and-Confers and Extensions**

Hubbell's primary objection to Mlazgar's subpoena was initially that it sought documents which Hubbell represented should be in the custody of other Defendants. (Ex. 4). This objection applied to nearly every request in Mlazgar's subpoena. Hubbell argued that as a non-party, it would be less burdensome for Mlazgar to seek these documents from a party.[1] (*Id.*). As a compromise, Mlazgar indicated that it would be willing to narrow the Subpoena's definition of "Hubbell" to not include its subsidiaries if Hubbell would supplement its responses to confirm that it had already provided all responsive HLI, Litecontrol and Progress documents and communications to those parties, and by producing responsive documents and communications created, sent, or received by Hubbell employees. Hubbell has not done so. Hubbell asked Mlazgar to identify employees of Hubbell who would be likely to possess relevant information. Mlazgar obliged, and further limited the scope of production for Hubbell by identifying 13 Hubbell employees who would count as "You" and "Hubbell" for purposes of Requests using these terms. (Ex. 6, Meshbesher Dec. ¶ 7).

On December 13, 2024, Mlazgar sent a letter summarizing the parties' discussions

[1] As already noted, Hubbell is now a party to the present action.

and outstanding issues, and asked that Hubbell provide supplemental responses to Mlazgar's Subpoena by December 20th. (Ex. 5). When Hubbell indicated that it would need more time to provide a response, Mlazgar agreed to provide Hubbell with an extension to supplement and produce documents until January 13, 2025. (Meshbesher Dec. ¶ 8).

On January 14, Mlazgar received Hubbell's Supplemental Response to its Subpoena. (Ex. 7, Meshbesher Dec. ¶ 9). In this response, Hubbell gave no indication of when Mlazgar could expect to receive any supplementation of documents. (*Id.*) Further, of the 13 names which Mlazgar had provided to Hubbell to base its search protocol upon, Hubbell excluded eight of these individuals on the basis that while they may have been employed by Hubbell when the events leading to this lawsuit transpired, Mlazgar should still seek them from Defendant HLI–whose possession of these documents is not certain–because these individuals subsequently became sole employees of HLI. It is Mlazgar's understanding that Hubbell does not dispute its possession of documents relating to most of these individuals. Of the five individuals Hubbell agreed to produce documents for, Hubbell qualified that it would first send nearly all documents, with the exception of those relating to Peter Lau, to HLI so they could make the determination themselves as to whether these documents were relevant or had any confidentiality concerns. (*Id.*, Meshbesher Dec. ¶ 10). Presuming that most documents relating to Peter Lau will be withheld or heavily redacted based upon his legal role at Hubbell, the practical effect of this proposed arrangement is that Mlazgar will only get documents from one defendant in this litigation if counsel for another defendant sees fit to allow it. Given that **less than three weeks**

**remain before the close of discovery and Defendants have not given the required unanimous consent to further discovery extensions, this prospect seems unlikely.**

After waiting two weeks without any indication of when it could expect a production of documents, Mlazgar sent another deficiency letter to Hubbell on January 29, 2025 outlining its concerns, and warning that unless Hubbell could commit by February 3rd to produce responsive documents by February 14, Mlazgar would be forced to bring the present Motion. (Ex. 8., Meshbesher Dec. ¶ 11). After meeting and conferring with Hubbell's counsel for nearly an hour on this subject on February 3, the parties could not come to an agreement. (Meshbesher Dec. ¶ 12) Hubbell indicated that they could likely produce a written response to Mlazgar's deficiency letter by February 7th, but would not commit to Mlazgar receiving these documents by a date certain, or to Mlazgar receiving these documents directly from Hubbell rather than through an intermediary. (*Id.* at ¶ 13). Mlazgar informed Hubbell that any concerns about the confidentiality of documents referencing another Defendant would be resolved by the standing protective order which would allow them to designate the entire production as confidential, as has been standard practice in this action, but this did not change Hubbell's position. (*Id.* at ¶ 14).

Mlazgar brings the present motion because it has been more than two months since Mlazgar served Hubbell with its subpoena. Mlazgar has yet to receive a single document from Hubbell, and fact discovery closes in its lawsuit on February 24, 2025.

## ARGUMENT

### A. Mlazgar Seeks a Narrow Range of Relevant, Non-Privileged Documents and Communications From Hubbell.

Federal Rule of Civil Procedure 45 governs subpoena discovery. "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b). *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2014 WL 4437693, at *3 (D. Conn. Sept. 9, 2014); *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012); *Garcia v. Quevedo,* WL 1037090, at *2 (D.S.C. Apr. 6, 2022) *see* Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Jackson v. AFSCME Loc. 196*, 246 F.R.D. 410, 412 (D. Conn. 2007); *see also Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447, 449 (S.D.N.Y.1988).

In addition to the Rule 26 discovery standards which apply to subpoenas, Rule 45 qualifies that parties "must take reasonable steps to avoid imposing undue burden." Fed. R. Civ. P. 45(1). In doing so, courts weigh the "burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Factors in this determination include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*; *See also United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Here, the Court should grant Mlazgar's Motion because its requests are

(A) relevant, (B) important to its claims, (C) narrowly tailored, and (D) not unreasonably difficult for Hubbell to comply with.

**Requests No. 1-3** seek non-privileged documents Hubbell sent, created, or received relating to Mlazgar, JTH, and Pulse Products Inc. over a six-month period:[2]

> 1. All non-privileged Documents and Communications regarding Plaintiff R. L. Mlazgar Associates, Inc., that You sent, created, and/or received between October 1, 2020 and March 31, 2021.
> 2. All non-privileged Documents and Communications regarding JTH that You sent, created, and/or received between October 1, 2020 and March 31, 2021.
> 3. All non-privileged Documents and Communications regarding Pulse Products, Inc., that You sent, created, and/or received between October 1, 2020 and March 31, 2021.

These requests are relevant because they seek information regarding Mlazgar, Mlazgar's competitor at issue in this litigation, and another competitor which the the Defendants considered replacing Mlazgar with. These documents are important to Mlazgar's claims because they go to the extent of Hubbell's involvement in discussions to terminate Mlazgar, withhold commissions, facilitate the poaching of Mlazgar's customers and trade secrets, and improperly appoint Mlazgar's competitor JTH during an imposed cure period. These requests are narrowly tailored because they are limited to a six-month period and further limited through meet-and-confers to thirteen individuals who were employed by Hubbell during the relevant time period. As Mlazgar has already made clear to Hubbell, it does not expect Hubbell's counsel to go out and determine which individuals may be in

[2] Hubbell has agreed to a deficient production at an unspecified time for Requests No. 1-3. Mlazgar will discuss the reasons why Hubbell should be compelled to produce directly to Mlazgar documents relating to each of the 13 individuals it identified through the meet-and-confer process below.

custody of responsive documents. Given Hubbell's position that their involvement in the transactions and occurrences which led to this action was minimal, it is not unduly burdensome to ask them to perform perfunctory searches of documents which are within their possession.

**Requests No. 4 and 5** seek non-privileged communications which Hubbell employees and affiliates exchanged with four persons associated with JTH, and with another manufacturer:[3]

> 4. All non-privileged Documents and Communications exchanged between You, James Farrell, James Patnaude, Cindy Ross, Paul Lewis, Thomas Benton, Brad Perkins, Chris Stockton, Kevin Batkiewicz, Tim Shearer, and/or Chris Hogan and Jon Kirkoff, Rob Beaman, Justin Hendrickson, and/or Leslie Pawlicki, from October 1, 2020 to March 31, 2021.
>
> 5. All non-privileged Documents and Communications exchanged between You, James Farrell, James Patnaude, Cindy Ross, Paul Lewis, Thomas Benton, Brad Perkins, Chris Stockton, Kevin Batkiewicz, Tim Shearer, and/or Chris Hogan and Legrand, from October 1, 2020 to March 31, 2021.

These requests are relevant because each of the identified individuals has been connected through prior discovery to the litigation at hand. Jon Kirkhoff and Rob Beaman were the principals of JTH when Defendants were in the process of covertly replacing Mlazgar with JTH, and Justin Hendrickson was a Mlazgar employee who assisted JTH in poaching Mlazgar's employees and customers to a new office. "Legrand" is a defined term referring to another large lighting manufacturer who JTH was simultaneously coordinating with in

[3] Hubbell has agreed to a deficient production for **Request No. 4.** Mlazgar will discuss the reasons why Hubbell should be compelled to produce directly to Mlazgar its documents relating to each of the 13 individuals it identified in the meet-and-confer process below.

a similar capacity to the defendants in this action. The remaining individuals are all Defendant employees. It is important that Mlazgar obtains these documents from Hubbell–who has access to the e-mail records of each of these individuals with the possible exception of Chris Stockton–because the other Defendants have had difficulties with producing documents relating to several of these individuals, as noted above. These requests are narrowly tailored and not unduly burdensome because they are once again limited in temporal scope to a six-month period, and are explicitly limited to documents and communications in Hubbell's possession from a discrete group of individuals.

**Requests No. 6 and 8** seek Hubbell's non-privileged communications with the other Defendants relating to this Action, and Hubbell's non-privileged documents that relate to this action and the pleadings:

> 6. All non-privileged Documents and Communications related to the Action exchanged between You and Defendants.
>
> 8. All non-privileged Documents and Communications that in any way relate to the allegations in the Complaint, the Answers, and the Action.

In its revised response, Hubbell objects to production for these two requests on the basis that "there are other sources from which this information may be obtained that would be less burdensome on a non-party, including obtaining the requested documents from one or more of the parties to the litigation." (Ex. 8 at *14-15). However, Hubbell is now a party to this litigation. These requests are relevant because they expressly seek documents which relate to the litigation at hand, and important to demonstrate Hubbell's involvement–or lack thereof–in the facts underlying the litigation. These requests are not unduly

burdensome because Hubbell has repeatedly represented that its involvement in the facts underlying this litigation was minimal.

**Request No. 7** seeks "all non-privileged risk assessments, escrow agreements, and holdback agreements relating to this action which are in Hubbell's possession, custody or control." As clarified to Hubbell, this request concerns documents assessing financial exposure relating to this litigation which were most likely prepared by Hubbell and non-party Kingswood Capital Management, L.P. ("Kingswood") in relation to Kingswood's purchase of Defendant Progress from Hubbell last year. (Exs. 5, 8). This is extremely relevant to Mlazgar's claims for damages, which include unjust enrichment and the remedy of disgorgement against all Defendants. This request is not unduly burdensome because it entails only a handful of documents related to risk assessments in Hubbell's possession which were created between the fall of 2023 and February of 2024.

**Requests No. 9-12** seek non-privileged documents relating to Hubbell's document retention policy, as well as the implementation of litigation holds relating to this action:[4]

> 9. A copy of Your Records Retention Schedule pursuant to Your Records Management Policy attached hereto as **ATTACHMENT F.**
>
> 10. All non-privileged Documents and Communications related to the deletion, destruction, and/or relinquishment of Documents and/or Communications that were created, transmitted, and/or received by James Farrell, James Patnaude, Cindy Ross, Paul Lewis, Thomas Benton, Brad Perkins, Chris Stockton, Kevin Batkiewicz, Tim Shearer, and/or Chris Hogan between October 1, 2020 and March 31, 2021.
>
> 11. All non-privileged Documents and Communications regarding a litigation hold(s) related to the facts underlying the Complaint, the Answers, and/or the Action.

[4] Hubbell has agreed to a deficient production for **Request No. 10** at an unspecified date**.** Mlazgar will discuss the reasons why Hubbell should be compelled to produce directly to Mlazgar its documents relating to each of the 13 individuals it identified in the meet-and-confer process below.

12. All non-privileged Documents and Communications regarding the implementation of a litigation hold(s) related to the facts underlying the Complaint, the Answers, and/or the Action.

Hubbell has refused to provide its Records Retention Schedule which was in place when it implemented a litigation hold, on the grounds that it is not relevant to this action. Similarly, Hubbell claims that documents relating to James Farrell and Chris Stockton have likely been destroyed prior to their implementation of a litigation hold which post-dated their receipt of a demand letter by approximately two years. Given the representations of Hubbell, HLI, and Progress that responsive documents were likely deleted under a policy which was at least initially implemented by Hubbell, information about these policies and the implementation of a litigation hold in this matter is extremely pertinent to the question of spoliation in this matter. Moreover, this is not unduly burdensome: these requests contemplate a handful of communications along with a log which is often automatically created under the electronic information policies of large companies like Hubbell. Hubbell has objected on work-product grounds to any litigation holds implemented "in response to being named a party to this litigation," but Mlazgar has already made clear that it is only seeking information on litigation holds which pre-dated Hubbell's party status.

Hubbell has agreed to produce documents pursuant to **Requests No. 13-16,** but issues with the scope of this production will be addressed below. Hubbell has agreed to produce documents pursuant to **Requests No. 17 and 18**, and Mlazgar does not have an issue with their present response assuming production of responsive documents takes place as soon as possible.

Request No. 19 seeks documents and communications sent between Hubbell-affiliated email addresses and a list of relevant persons in this litigation:

> 19. All non-privileged Documents and Communications sent or received by an email address with the domain hubbell-ltg.com, hubbell.com, gecurrent.com, progresslighting.com, and/or currentlighting.com; to or from christopherk@jthlighting.com,daveh@jthlighting.com,davem@jthlighting.com,jamien@jthlighting.com,michaels@jthlighting.com,nickp@jthlighting.com,jonk@jthlighting.com,justinh@jthlighting.com,lesliep@jthlighting.com, rgb@jthlighting.com, and/or justinjhendrickson@gmail.com from January 4, 2021 to January 4, 2022.

In its revised response, Hubbell maintains its objection that this Request is unduly burdensome because it does not identify particular custodians to search from. However, as Mlazgar has made clear to Hubbell on multiple occasions, Mlazgar would consider Hubbell to be in compliance with this request if it simply plugs in the thirteen individuals Mlazgar identified more than a month ago. Moreover, this request is limited in scope to one year. Moreover, this request is relevant because the listed individuals with @jthlighting.com and @gmail.com addresses were involved in the misappropriation of Mlazgar's confidential information and customers, and Mlazgar alleges that Hubbell coordinated this misappropriation. Such communications would be highly relevant to this determination. Moreover, Hubbell has represented that its involvement in the events leading to this action was minimal. If this is accurate, full compliance with this request would only produce a handful of documents, if any.

**B. Mlazgar Seeks Documents Which are in Hubbell's Possession.**

While Hubbell has indicated that it will produce documents responsive to Requests No. 1-4, 10, and 13-16, Mlazgar learned through meet-and-confers that Hubbell intends to

only directly produce documents from only **one** of the thirteen individuals Mlazgar identified: Peter Lau. As noted above, this production will most likely be heavily redacted. Hubbell further informed Mlazgar that it intends to send its production for another four of the individuals Mlazgar identified to HLI for further review. Hubbell indicated that it did not intend to do produce any documents from the records of the other seven Hubbell employees Mlazgar identified because Mlazgar could ostensibly obtain these through additional discovery requests on HLI. It is Mlazgar's understanding that even if Hubbell agreed to produce documents for each of Mlazgar's 19 requests, this convoluted approach would apply each request aside from **Requests No. 17 and 18.** As further detailed below, this is insufficient.

"The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules. Fed. R. Civ. P. 45 (Advisory Committee's note to the 1970 amendments). A "party may serve on any other party a request within the scope of Rule 26(b)" of documents within the "party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Hubbell has actual possession of the e-mail records for each of the 13 individuals identified by Mlazgar. Hubbell has control over these documents as well. The word "control" in Rule 34 is broadly construed such that a "party controls documents that it has the right, authority, or ability to obtain upon demand." *Pitney Bowes, Inc. v. Kern Int'l, Inc.*, 239 F.R.D. 62, 66 (D. Conn. 2006), *quot. Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). Hubbell has the ability to access these documents on its own servers. The fact that Mlazgar could potentially obtain some of these documents from the other Defendants does not absolve Hubbell of its obligation to produce responsive documents in

its possession, custody and control. While the Defendants take different positions as to the degree of input Defendant Hubbell had on the business of Defendants HLI and Progress when it owned these companies, it is not disputed that Hubbell maintains possession of HLI and Progress documents. Moreover, the mere possibility of duplicative discovery does not absolve Hubbell of its discovery obligations as a party. *Van De Walle v. Unimation, Inc.*, 1984 WL 8270, at *2 (Del. Ch. Oct. 15, 1984) ("Courts will usually only forbid such duplication where the objecting party has shown with particularity that the discovery is in fact fully duplicative and is meant merely to harass the interrogated party."). Finally, Hubbell cannot cite the hypothetical confidentiality concerns for documents created or received by its own employees just because these employees went on to work for HLI. There is a standing protective order in this matter which protects the confidentiality of documents produced by the parties. Mlazgar has worked with Hubbell to limit the scope of compliance by identifying a reasonable number of relevant employees who possess relevant information. Hubbell must produce documents relating to each of the individuals identified by Mlazgar in responding to its subpoena.

**C. Hubbell is Not Entitled to Non-Party Deference.**

Mlazgar does not dispute that courts often give special weight to the "burden on non-parties of producing documents to parties involved in litigation." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); see *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing

needs."). However, Hubbell is a party to this litigation. As such, their objections of undue burden on grounds that documents could be obtained from parties rings hollow.

Mlazgar is not precluded from enforcing its subpoena simply because Hubbell was added as a party after its subpoena was served. "While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action, nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties." *Cris v. Fareri*, No. 3:10CV1926 RNC, 2011 WL 4433961, at n.2 (D. Conn. Sept. 22, 2011)(quot. *First City, Texas–Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n. 5 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir.2002); see also *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 564 (W.D.N.C. 2002) (same); *Badman v. Stark*, 139 F.R.D. 601, 603 (E.D.Pa.1991) (noting that "a subpoena under Rule 45 may be served upon both party and non-party witnesses")

## CONCLUSION

Hubbell was put on notice of this litigation nearly four years ago, and Mlazgar served its subpoena on Hubbell more than seventy days ago. Despite repeated meet-and-confers and extensions, Hubbell has done little more than indicate that it intends to punt its discovery obligations as a party onto the other Defendants. The Court should grant Mlazgar's request that Hubbell fully comply with its Subpoena because it seeks a narrow range of relevant documents, because Hubbell is in possession, custody, and control of the sought documents, and because Hubbell lost any special considerations as a non-party last month. For these reasons, Mlazgar asks the Court to grant its Motion to Compel, and to award the fees necessitated by this motion practice and Hubbell's delay.

Respectfully Submitted,

Dated: February 4, 2025

By: */s/ Philip C. Pires*
Philip C. Pires, Esq.
Federal Bar No. ct28138
Nicole M. Dwyer, Esq.
Federal Bar No. ct30978
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tele: (203) 337-4122
Fax: (203) 337-5522
E-mail: ppires@cohenandwolf.com
ndwyer@cohenandwolf.com

*/s/ Samuel A. Meshbesher*
Samuel Meshbesher (MN Bar: 0403675)
*Pro Hac Vice (Application Pending)*
30 South 9th Street, 7th Floor
Minneapolis, MN 55402
(952) 835-1614
smeshbesher@droellaw.com

**ATTORNEYS FOR PLAINTIFF**
**R. L. MLAZGAR ASSOCIATES, INC.**